# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUDY PHIL JAQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-147-W |
| | ) | |
| JOHN WHETSEL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Rudy Phil Jaquez filed this 42 U.S.C. § 1983 action in February 2016, identifying himself as a pro se litigant incarcerated at Oklahoma County Jail in Oklahoma City, Oklahoma. This matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b). In light of Plaintiff's failure to prosecute his case and to comply with court orders and rules, the Court should dismiss this matter without prejudice to subsequent refiling.

I. Background

Plaintiff filed his initial pleading on February 16, 2016, and sought leave to proceed *in forma pauperis* on March 10, 2016. *See* Doc. Nos. 1, 6. On April 14, 2016, the Court found that the Complaint and the *In Forma Pauperis* Application were deficient in multiple respects. *See* Order of Apr. 14, 2016 (Doc. No. 10). The Court ordered Plaintiff to cure these deficiencies no later than May 5, 2016. *See id.* at 2. Plaintiff was advised that failure to comply with the Court's Order "may result in the dismissal of this action." *Id.*

This Order was mailed to Plaintiff, along with the appropriate forms, at the address provided by Plaintiff at the Oklahoma County Jail. *See* Doc. No. 10. On April 20, 2016, the Oklahoma County Jail returned the transmission to the Court with the notation: "Gone / 3-17-16." *See* Doc. No. 11, at 16. No alternative address was provided, and nothing further was filed by Plaintiff prior to expiration of his May 5, 2015 deadline (or since).

II.   Plaintiff's Failure to Prosecute and to Comply with the Court's Order

As of the present date, Plaintiff has submitted no further filings to the Court and has not updated his mailing address. Pursuant to Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with [the federal civil rules] or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014).

2

Local Civil Rule 5.4(a) requires every litigant to promptly notify the Court whenever his or her address changes during the pendency of the litigation. This requirement is especially important when a litigant is in custody during the pendency of litigation because of the special requirements applicable to consideration of *in forma pauperis* status for prisoners. *See* 28 U.S.C. §§ 1915(a)(2), (b)(1); LCvR 3.3, 5.4(a). Although Plaintiff is representing himself in this case, he is obligated by Local Civil Rule 5.4(a) to notify the Court of any change in his mailing address, *see Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007), which he has failed to do. This failure has left the Court unable to communicate with Plaintiff regarding this lawsuit or to assess Plaintiff's ability to pay the required $400 filing fee.

As a result of Plaintiff's failure to comply with the Court's orders and to prosecute his action, the Court is unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution). Plaintiff has been provided express notice of the possibility of dismissal, and any additional notice would be futile given the lack of a working address. Plaintiff also has been provided an opportunity to respond to the Court's directive and receives an additional opportunity through objection to this recommendation. Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to refiling. *See, e.g.*, *Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005).

III.  Recommendation and Notice of Right to Object

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice.  The Court Clerk is directed to send a copy of this Report and Recommendation to Plaintiff's last known address.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 9, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 19th day of May, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE